Good morning and welcome. We're ready to call our first case, United States v. Wilson. Ms. Martin. Good morning, your honors. May it please the court, my name is Christy Martin with the Defender Office. I represent the appellant, Jerome Wilson, in this matter. If I may, I'd like to reserve three minutes of my time for rebuttal. Done. Thank you. In recognition of this court's Chapman decision, unless the court would prefer otherwise, I was going to move directly to the mens re element of intimidation in the bank robbery statute. Good idea. Okay, thank you. What this court has to decide is whether that mens re in the bank robbery statute, the mens re as to intimidation, lines up with mens re required for the use of threat of force in the definition of crime of violence. The two are not equal, and I think the most stark illustration to show that is when we look at defendants who come into court, and these are defendants who are desperate, unstable, sometimes delusional, drug addled. They are nonetheless guilty of bank robbery, but they are no more than reckless or negligent as to the consequences of actions that they are knowingly taking. But they intend to rob a bank, right? I think that question implies more knowledge of the law than they are intending to go into a bank and take money. Give me money or else, and walk out with other people's money that was in the custody of the bank. There doesn't seem to be any dispute that that's what your client did, and that he was competent when he did it, and he was competent when he stood before a judge and pleaded, right? That's correct. Sometimes it's a no, there are other means of intimidation certainly, but I would agree with that statement, yes. What Mr. Wilson did in this case, of course, is not what we have to look at. We have to look at whether the elements line up. As your honors are aware, as we cited Ascari, which establishes that the standard for whether a defendant's actions are intimidating is based on an objectively reasonable person's standard. Excuse me, an objectively reasonable person's standard, not whether the defendant intended to intimidate anyone. In fact, a teller can be intimidated without any particular defendant intending to do that. But we can draw rational inferences, right? We're to look at the facts as you said and match them up, right? I think we have to look at the legal standards and make sure they match up. We can in some cases make rational inferences, but I think the important point is we don't have to under the bank robbery statute. Are you talking about the elements clause or are you talking about the enumerated offenses clause when you make that argument? I'm referring to the elements clause. I think that the decision that the court makes either way on this will control the argument under the enumerated offenses clause. Why don't they match up? I don't understand your argument. Why don't they match up legally? Because under the bank robbery statute, with respect to intimidation, this court has held, and it's a fairly common standard, that in order to show intimidation, the only thing that a jury has to find is that an objectively reasonable person would feel intimidated. That standard is, well, we learned from Alonis, is a negligence standard, and that has been the consistent practice. We do not ask juries to find that a defendant knowingly intimidated. What we ask them to find is whether a reasonable person would have been intimidated. Right, and your assertion is that that only amounts to negligence or recklessness? That's my assertion, that that is the minimum required. It's not the case that we're looking at. Maybe I misunderstood. Are you arguing for some kind of a specific intent then? I'm not arguing for a specific intent. What I'm arguing is that, well, actually, let me clarify your Honor's question. Do you mean with regard to the men's rate required under the definition of crime of violence? Or do you mean with regard to what the bank robbery statute has? I'm asking you whether when you say these things don't match up, you're arguing for something more than or different from general intent. Well, I'm arguing that the definition of crime of violence, and we know this from Tran and Otero, requires intent to use or threaten force. And on the other side, I'm saying that the bank robbery statute, with respect to intimidation or the threat of force, that occurred negligently. Therefore, that statute encompasses a much broader class of defendants. It's not sufficiently narrow to meet the crime of violence definition. So your assertion is that a person can, by mere negligence, go into a bank and people start handing them money. That's what it comes down to, right? This is an armed robbery offense. And your claim is? If I may, this would be an unarmed robbery. I'm sorry. I apologize. Using a note. This is an unarmed robbery. Using a note that says, give me the money or else. Take it out of this fact scenario. Somebody could walk in and hand a note, unarmed, or just say, give me all your money. And that that would be mere negligence or recklessness. I didn't really intend. I was negligent. I didn't mean to put anybody in fear. I just thought if I asked for money, I'd get it. That's absolutely what I'm saying. And I understand that that sounds like a very unusual fact scenario. It sure does. Sounds like someone who's not guilty of robbery. Well, in fact, they would be guilty of robbery. I would point your honors to the Eighth Circuit case of Yackel. Not the legal analysis, but the underlying facts in that case. Mr. Yackel believed he was doing the work of God. There was evidence in the case. He had gone into numerous banks asking for money. On this final occasion, the teller became very scared because he was talking about doing God's work. He was talking about going to heaven and hell. He was suggesting that God had told him he had an account there. The teller very reasonably became scared. It doesn't sound like robbery. Well, the court was very clear that he knew what he was doing. He did not know she would be intimidated. I'm just having trouble squaring up this idea of the general intent to rob a bank with negligence in putting people in fear or intimidation. If you're intending to rob a bank, you're intending to take money that isn't yours and, I mean, that's what robbery is. It's not mine, but I'm going to take it anyway. That doesn't sound like I'm out soliciting charitable donations in the name of God. I'm taking your money, and I'll scare you if I have to to take your money. Well, and I think that's a very important point, what you just said there, is I'll scare you if I have to. Keep in mind the definition of recklessness is aware of a substantial and unjustifiable risk. It's not that a defendant needs to intimidate a teller. A defendant can know that that teller, I'm going to hand them a note, that teller is maybe by bank policy, maybe just because we all know what that means, the teller is going to hand over money. These are not a class of defendants that are putting Isn't it reasonable to infer a specific intent under those circumstances? I do not think it would be, and I think maybe I need to be a little clearer that I do think a defendant has to intend to go in and take money from the possession of the bank. It is specifically with that intent to intimidate that I would suggest this court simply does not require. It's not how these cases are prosecuted. It's certainly not something I would suggest where the courts find that there is a men's ray as to an intent to intimidate under the statute. These cases would be defended in a variety of situations in a very different way. How so? What would be different if we were to say in this case, you know what, unarmed robbery is indeed a violent felony? What would be different in the way anybody defended a case? Well, if the court finds that there is an intent men's ray with respect to the defendant's intent to intimidate, what that does is that puts into trial the issue of what the defendant was intending. Whereas now, in case after case we see, the jury has to determine a reasonable person would be put in fear, not that the defendant wanted to. Right. You've added a step in there, which is that what we would be saying is that there is a look at subjective intent. And what I'm asking you is, or trying to ask perhaps inartfully, is how you could ever have a negligent intimidation in a bank robbery. Because the person is intending to take the money and implicit, always implicit, is you'll be hurt if you don't give me money that doesn't belong to me. Because if it isn't implicit, it's not a robbery. Because nobody just hands over money unless they're explicitly not being robbed and they're intending to give money for some other reason. That's where I'm having trouble with your argument. Maybe I'm just missing something you're saying or I'm obtuse. I think it's implicit that a defendant is going in to take possession of money or to take possession from a bank. And how the defendant does that... Nobody gives the money away unless they understand I'm getting robbed. There's not a teller in America, I hope, who says when somebody walks in, I'd like to give you money. I know it's not yours, but you look like a nice person. I'd like to give you everything in my cash drawer. That's just not how the world works. They're getting robbed and they know they're getting robbed. And implicit in the robbery is, I've got to give you money because I'm under a threat. And it's not just part of what's objectively reasonable in the mind of the teller. It's what is absolutely implicit in the behavior of the person doing the robbing. Because if it weren't, how would it be a robbery? I think I understand what you're saying. But I have to disagree that that is necessarily implicit. I would point to some of the cases we cited in our brief that talk about bank tellers. Let me get a name for you. In Beller v. Evan, the court talks about the prosecution in which the teller testified that he supplied money not out of fear, but out of a compliance with bank policy. There was another case where the teller testified, I couldn't believe it was him again. He came back to this one. We're certainly not saying that this is not a terrifying crime for any reasonable person to be in that position. What we're saying is the issue is the defendant's intent and what the defendant knows is going to happen. Many times it may be that the defendant does know, but it's not necessary for conviction under the statute. Okay. Thanks, Ms. Martin. We'll have you back on rebuttal. Thank you. Mr. Zausman. Good morning, Your Honor. May it please the Court, Robert Zausman on behalf of the government. Bank robbery is a crime of violence under the guidelines, both under the Elements Clause and under the Enumerated Clause. A little different analysis for both. I'm not going to spend my time after Judge Jordan, after your concurring opinion of Judge Chapman, in the Chapman case, blasting away at the categorical approach, but I will observe that it's with wonder that I and my colleagues appear in court now on a daily basis to say things like bank robbery is a crime of violence. But that's what this categorical approach has led us to. This, fortunately, I think we're about as far down the rabbit hole in this case as we can get in the defense argument that bank robbery, the quintessential federal violent crime, was not included by the sentencing guidelines as a crime of violence in the career offender provision that is expressly directed at people like Mr. Wilson here, who has done nothing for the last 20 years other than rob banks and be repeatedly convicted of it in federal court. Unfortunately, even with the categorical approach and all of its oddities, the answer here is fairly straightforward. Bank robbery under federal law does have, as an element, the use of physical force against the person of another. Why don't you go straight to Ms. Martin's assertion that under aloneness in our own case law, it doesn't matter what a reasonable person thinks. It matters what the bank robber is doing and thinking, and they could be walking in there and negligently or recklessly put people in fear. So what she's focused on is the species of the categorical approach body of law that involves the mens rea requirement. We're in agreement that, as this court has said, that if a defense can be committed negligently, that categorically it cannot be a crime of violence. Recklessness is a different issue. If I could just say as an aside, we don't agree anymore that a recklessness offense cannot be a crime of violence in light of the Supreme Court's decision last year in the Voisin case, which says recklessness is sufficient. But the parties haven't briefed it fully in this case as we have in so many others. And the reason is that the federal bank robbery statute really doesn't rely on recklessness at all. There's a general intent requirement which is satisfied either by showing that the person intended to make a threat of force or that he knew he was making a threat of force. So there are a couple things going on in the definition of threat of force, and my friend's reference to the Elanis case is very helpful because it's right on point here. Elanis, which traveled through this court a couple times on the way to the Supreme Court, is a threat case as well involving a narrower threat section. And what the Supreme Court says in Elanis, it relies on the Supreme Court's Carter case, which also involved the bank robbery statute. And what it says is when you have a statute like bank robbery or like the threat statute that does not state a mens rea, that courts must import a mens rea into that statute that's sufficient to see that the defendant knew what he was doing. He had sufficient intent to know that he was violating the law as opposed to doing something accidentally. And so what Carter and Elanis say, Carter with regard to bank robbery, Elanis then relying on Carter, is that the threat itself is defined, as Ms. Martin said, the threat itself is defined by how a reasonable person would observe it. Whether the defendant actually intended to threaten or to carry out the threat. So the definition of the threat is an objective standard. But Carter and Elanis require that there also be a subjective standard. That's why this court's initial ruling in Elanis was reversed by the Supreme Court. And what the Supreme Court says in Elanis, and it hinted at at Carter, is the way to prove the subjective element is two ways. One, you can show that he actually did intend to make a threat. Or that he knew that what he was saying would be understood as a threat by the person he was making it to. And the Supreme Court in Elanis says either one of those is sufficient. And either one involves negligence or recklessness. So is what you're saying that once you have proven the robbery, you necessarily have proven the element for the element's cause when it comes to the sentencing guidelines? Exactly. And the government does have to prove the use of force or intimidation. And it does have to prove this general intent of the defendant. That he intentionally made a threat of force or that he knew he was making a threat of force. How does the jury determine the knowledge part? In the same way, Your Honor, as in any other case involving men's rehab. I look at all the facts and circumstances. And that's why when Ms. Martin says, for example, that the drug-addled defendant, we did not conceive, as she says in her reply brief, that somebody who is entirely incompetent when they walk into the bank and accidentally hands over a demand note is guilty. The jury would have to look at all the circumstances. I presume you could come up with a crazy scenario in which somebody is so incompetent at that moment that they can't form the intent to commit the bank robbery. I haven't seen a case like that. And that, of course, is one of the crazy things about the categorical approach. Is that here we are looking to sentence a recidivist defendant, not based on what he did, but based on some crazy hypothetical about what somebody else might do one day that would violate the same statute that he violated. This is the categorical approach that's been delivered to us. And, unfortunately, it's not an impediment here because this jury would have to be instructed. You have to find general intent. You have to find that he knew what he was doing. And, therefore, the intent argument being made here against the federal bank robbery statute just doesn't hold. And to answer Judge Shorten's question, this is categorically a crime of violence, as any reasonable person would expect that it is. What if an unusually large and physically imposing man walked into a bank and passed a note to the teller that said, I lost my job, I'm down and out of my luck, can you help me out and give me $1,000? I don't think there's a threat there. So, no, in those particular facts there might not be. Even if a reasonable teller would have been intimidated by the size and imposing nature of the… I think if a defendant can persuade a jury that all he was doing was making a request without any threat, that that's a defense. Now, he's got a problem under later clauses of the bank robbery statute that are not crimes of violence and that has never been charged against Mr. Wilson of taking away money that doesn't belong to you. That might be an issue. But with respect to bank robbery, which is the quintessential federal bank robbery in the first clause of 2113, that would be a defense. Again, I haven't seen that case. Or at least I haven't seen that case prosecuted by a U.S. Attorney's Office. Now, briefly with regard to the enumerated clause, the analysis is a little different. There are no elements involved here. You don't have to show the specific use of physical force. What you have to show, according to this court's decision in Marrero, is that the statute dealing with it matches the generic offense. And again, it would be remarkable if the Sentencing Commission designated robbery as a crime of violence and didn't include the number one federal robbery statute. But that gets you into the whole issue about what is the generic offense and there is a majority position and a minority position and the model penal code is looking at it one way and other people are looking at it another way. I mean, do we want to weigh into that if we don't even need to weigh into that, do we? I don't think you need to weigh into it. I do think that the Fifth Circuit analysis was very, very helpful. They went through every state and found that 38 states have a generic robbery statute that's akin to bank robbery. I think that's pretty persuasive. But no, the court doesn't have to reach it because it's so clear under the elements clause. Unless the court has anything further, we'll rest on our break. Would it be useful to elucidate the rationale here for us to rule on both the elements clause and the enumerated clause? I'm not asking for that. I think we would appreciate a precedential statement regarding federal bank robbery as a crime of violence as we request for any of these straight applications of the categorical approach that are being advanced. We're in the position now, and the court knows it from its docket, of working through every federal violence statute, hundreds of state statutes that are being challenged by defendants. And so any precedential help is appreciated because these issues are being raised in dozens of cases as we speak. But no, I don't know that it's necessary to rely on one clause or the other. Thank you very much, Your Honor. Thank you, Mr. Zelsmer. Ms. Martin, your rebuttal, please. Thank you. I want to address very quickly what Mr. Zelsmer said about the intent required for the definition of crime of violence. He says general, and you seem to be arguing before that it's specific. Are you arguing it's a specific intent? I'm arguing it's a specific intent. We have Otero and we have Tran specifically saying reckless is not sufficient, but also saying that the definition requires a specific intent to use force or threaten force. And I think that language is very clear. There was a lot of litigation about the intent necessary, particularly leading up to what happened with the residual clause. And I think the reason for that, and the court should keep in mind, is we're defining a crime of violence. And at one point the government... We are, but Carter says it's a general intent crime, right? Carter does not speak to what the mandatory requirement is for a crime of violence, but it speaks to... But it says under 2113A, all that's needed is a general intent. We apply a general intent, and it's explicit on that. So if we were to agree with the government that bank robbery is indeed a crime of violence, there doesn't need to be... I guess I'm wondering, where's the need for some added specific intent? If bank robbery is only required to have a general intent, and we agree with the government that you can't commit a bank robbery in the absence of intending to intimidate, doesn't that satisfy any kind of intent requirement for the categorical approach to what's a violent crime? Well, I understand the government's position to be not that Carter requires a defendant intent to intimidate, but that he know his actions are objectively intimidating. Whereas we have Otero and Tran looking at the mandatory for crime of violence requiring an intent to intimidate. So my position on Carter, if the court does not agree with me that Carter only requires knowledge of what you're doing and not its effect on a teller, but assuming the government is correct that Carter would require something more, that you know your actions are objectively intimidating, that still does not meet the intent requirement of Tran and Otero. Well, thanks. You said it much better than I was trying to say, and I appreciate that. In summarizing the government's position, are you suggesting to us that even if the government's position is correct, that there's some other reason why we would say, oh, that's still not enough. You have to have shown something more or different. Absolutely. To commit a crime of violence, you need to intent that element, that element of use of force or intimidation. And I'll explain why. When we were working under, I think this is an excellent example, when we were working under the residual clause, there was a period of time where failure to return to a halfway house was considered a crime of violence. So I understand Your Honor's concern that the categorical approach can sometimes exclude things that we, as a matter of common sense, deem to be violent, but it can also rope in. Indeed, go out on the street here and ask anybody if a bank robbery is a crime of violence, and I'm guessing that any average ordinary person would say, yeah, obviously, which is why it's in the enumerated offenses clause, because it's obviously, it is sort of the quintessential crime of violence, right? And I don't disagree with you that that would be a common sense gut reaction. Absolutely. I do recognize that I'm coming at this from a rather legalistic perspective, but I'm looking at what this court requires. I'm not sure if you would like me to address Mr. Zauserer's Wazin argument briefly. I just have a quick question about the other courts of appeals. I just want to see if I'm understanding this correctly. The Fifth, the Fourth, the Sixth, and the First have all, in the last two years, gone the other way, right? That's correct. There are no circuits in your favor on this argument. There are not. And so what, you know, that's, we don't have to follow those other courts, obviously, but that's pretty substantial authority. What would you say in summary fashion is the essential error in all those four circuits that have already ruled the other way? I would say, Your Honor, the essential error is that they seem to see Carter as imputing more than it does, keeping in mind that Carter was more about whether the larceny statute had elements that fit under this robbery statute. The specific holding of Carter with respect to 2113A was that there's no specific intent to take, and they cite the person who robs the bank for the sake of getting arrested and going back to jail for drug treatment. The essential holding of Carter is not, has nothing to do with really what the men's right is with respect to intimidation. Carter is just noting that we have to read in a men's right that will separate innocent from culpable conduct. So I think probably my best summary of the out-of-circuit cases are that they're reading too much into Carter, and that, at least in this circuit, Carter is not sufficient intervening authority to change the law that we already have with regard to the elements of bank robbery. It does not squarely dispose of the issue. In fact, the issue is not really before the court, and it does, it plainly conflicts with what the law is here. Okay, thanks very much, Ms. Martin. Appreciate your argument, Mr. Zell. Thank you, Your Honor. Most cases will argue with that. We've got it under review.